IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
Fort Myers Division

CASE NO.

| | |
|---|---|
| DEBORAH DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| P.D.K.N. P-3, LLC. d/b/a BOKAMPER'S SPORTS BAR & GRILL, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## COMPLAINT

Plaintiff DEBORAH DAVIS ("**Plaintiff**") pursuant to the Americans with Disabilities Act 42 U.S.C. §§ 12101–12103, 12181–12205a ("**ADA**"), the American with Disabilities Act Accessibility Guidelines 28 C.F.R. § 36 ("**ADAAG**"), Florida Americans with Disabilities Accessibility Implementation Act and the Florida Accessibility Code for Building Construction sections 553.501–553.513, Florida Statutes, including the Florida Building Code Chapter 11 ("**FAC**"), hereby sues Defendant P.D.K.N. P-3, LLC. d/b/a BOKAMPER'S SPORTS BAR & GRILL ("**Defendant Bokamper's Sports Bar & Grill**") for injunctive relief and states:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims under the ADA.

2. This Court also has supplemental jurisdiction over all State law claims pursuant to 28 U.S.C. § 1367(a) for Plaintiff's claims under the FAC.

3. Venue in this district is proper under 28 U.S.C. § 1391 because the real property that is the subject of this action is located in, and the acts or omissions giving rise to this action occurred in, the Middle District of Florida.

## PARTIES

4. Plaintiff is an individual over 18 years of age, *sui juris*, who is a resident of the State of Florida.

5. Plaintiff is a qualified individual under the ADA and the FAC because she is a disabled individual who has physical impairments that substantially limits one or more major life activities.

6. Specifically, Plaintiff has physical impairments that require her to use a wheelchair to ambulate.

7. Defendant Bokamper's Sports Bar & Grill is Florida Limited Liability Company doing business in Collier County, Florida.

8. Defendant Bokamper's Sports Bar & Grill is the owner, lessor, or operator of real property (and the improvements made thereon) and related facilities located at 8990 Fontana Del Sol Way, Naples, Florida 34109, Folio No. 79315000027 (the "**Subject Premises**" or "**Facility**").

## GENERAL ALLEGATIONS

9. The Subject Premises is a place of public accommodation under the ADA and ADAAG because it is a restaurant.

10. As a place of public accommodation, Defendant was required to remove from the Subject Premises and related facilities architectural barriers to the maximum extent feasible as described in the ADAAG.

11. Additionally, upon information and belief, the Subject Premises is one that was altered after January 26, 1992, as defined in 28 C.F.R. § 36.402 of the ADAAG.

12. Accordingly, Defendant was required to ensure that, to the maximum extent feasible, the altered portions of the Subject Premises were readily accessible to and useable by individuals with disabilities such as Plaintiff.

13. Plaintiff has knowledge that the Subject Premises is in violation of the ADA and FAC and discriminating against individuals with disabilities.

14. In or about 2017, Plaintiff visited the Subject Premises to conduct business-i.e. purchase and eat food- and encountered architectural barriers to access the Subject Premises.

15. Plaintiff sought, and seeks, to partake in the accommodations, privileges, and advantages of the services offered by Defendant; however, she was subjected to discrimination by Defendant on the basis of her disability due to Defendant's ADA and FAC violations.

16. Plaintiff was not able to access the main bar area and outdoor patio area.

17. The common design modules and schemes approved and used by Defendants that contain counters far above the height permitted by the ADA.

18. Upon information and belief, Defendants' in-house design committees uniformly approved the use of these unlawful design modules/schemes at all its facilities.

19. Defendants engage in a deliberate practice and pattern of isolating individuals with disabilities, such as Plaintiff, to areas away from other patrons.

20. Plaintiff further allege that Defendants' in-house design committees uniformly orchestrated and approved the use of the common design these high bar counters contain.

21. Plaintiff alleges that Defendants' approved and utilized these standard modular structures to ensure uniformity of design, feel and functionality at all its locations.

22. Plaintiff intends to return to the Subject Premises once the barriers violating the ADA and the FAC are removed; however, Plaintiff is currently deterred from returning as a result of the barriers to access present at the Subject Premises.

23. Plaintiff will be denied full access to the Subject Premises, as provided by the ADA and the FAC, unless the injunctive relief requested herein is granted.

24. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA and the FAC by Defendant if said violations are not corrected and made compliant.

25. Plaintiff is also a tester for the purpose of asserting her civil rights by monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

26. Plaintiff intends to visit the Subject Premises again, not only to purchase food, but to assure herself that the Subject Premises is in compliance with the ADA and the FAC thus ensuring that individuals with disabilities, including herself, will have full and equal enjoyment of the property without fear of discrimination.

27. Plaintiff has a real, continuing, and immediate threat of future discrimination by Defendant's violation of and non-compliance with the ADA and the FAC because she intends on returning to the Subject Premises in the near future.

28. Defendant has discriminated and continues to discriminate against Plaintiff by denying her access to the Subject Premises and the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Subject Premises in violation of the ADA by failing to remove architectural barriers so that the Subject Premises may be accessible to and usable by individuals with disabilities such as Plaintiff.

29. Defendant is in violation of the ADA, ADAAG, and FAC and is discriminating against Plaintiff as a result of the following violations:

### DEFENDANT BOKAMPER'S SPORTS BAR & GRILL

#### Main Bar Area

a. There are insufficient permanent accessible standing and seating spaces at the main bar.
b. There is no lowered accessible counter at the main bar.
c. There are no accessible tables at the main bar.
d. There are insufficient accessible tables in relation to the total number of standing and seating spaces at the restaurant.
e. The floor has unsecured mats within the path of access.

#### Outdoor Patio Bar

f. There is no lowered accessible counter at the outdoor patio bar
g. There is no permanent accessible seating nearest the outdoor bar area of the restaurant.
h. There are no accessible tables nearest the outdoor bar area.

30. The discriminatory violations described herein may not be an exclusive list of Defendant's ADA and FAC violations because Plaintiff was unable to access and assess all areas of the Subject Premises due to the architectural barriers encountered. A *complete* list of the Subject Premises' ADA and FAC violations, and the remedial measures necessary to remove same, will require an on-site inspection by Plaintiff's representatives pursuant to Federal Rule of Civil Procedure 34.

31. By encountering the discriminatory conditions at the Subject Premises, and knowing that it would be a futile gesture to return to the Subject Premises unless Plaintiff is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the Subject Premises and deterred and discouraged from traveling to same when in contrast the Subject Premises is readily available to able bodied patrons and the general public.

32. By maintaining a place of public accommodation with ADA violations, Defendant deprives Plaintiff of the equal opportunity offered to the general public to freely travel and conduct business at the Subject Premises without fear of being subjected to discrimination.

33. Plaintiff retained undersigned counsel for the filing and prosecution of this action and has agreed to pay counsel reasonable attorneys' fees and costs incurred in this action for which Plaintiff is entitled to recover pursuant to 42 U.S.C. § 12205.

34. Plaintiff demands a non-jury trial on all issues to be tried herein.

### COUNT I—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for ADA Violations)**

35. Plaintiff re-avers and incorporate paragraphs 1–29 as if fully set forth herein.

36. This action arises pursuant to the ADA.

37. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and has otherwise been discriminated against and damaged by Defendant because of its existing ADA violations.

38. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the ADA.

39. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

40. By continuing to operate the Subject Premises with discriminatory conditions in violation of the ADA and ADAAG, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

41. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DEBORAH DAVIS respectfully requests this Court issue a permanent injunction enjoining Defendant P.D.K.N. P-3, LLC. d/b/a BOKAMPER'S SPORTS BAR & GRILL from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the ADA and ADAAG, ordering Defendant to maintain accessible features at the premises, awarding reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

### COUNT II—CLAIM FOR INJUNCTIVE RELIEF
**(Against Defendant for FAC Violations)**

42. Plaintiff re-avers and incorporates paragraphs 1–29 as if fully set forth herein.

43. This is an action for injunctive relief pursuant to FAC.

44. Plaintiff has been denied access to, and has been denied the benefits of, services, programs, or activities of the Subject Premises and its facilities, and has otherwise been

discriminated against and damaged by Defendant because of the Subject Premises' existing FAC violations.

45. Plaintiff will continue to suffer such discrimination, injury, and damage and will be deterred from returning to the Subject Premises without the relief demanded herein pursuant to the FAC.

46. Plaintiff has suffered, and continues to suffer, frustration and humiliation as a result of the discriminatory conditions present at the Subject Premises.

47. By continuing to operate the Subject Premises with discriminatory conditions in violation of the FAC, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff of the full and equal enjoyment of the goods, services, facilities, privileges, and accommodations available to the able bodied individuals of the general public.

48. Pursuant to 42 U.S.C. § 12188, this Court is provided broad authority to grant Plaintiff's demand for injunctive relief, which includes an order to alter the Subject Premises, make the Subject Premises readily accessible to, and useable by, individuals with disabilities to the extent required by the FAC, and close the Subject Premises until the requisite modifications are complete.

WHEREFORE, Plaintiff DEBORAH DAVIS respectfully requests this Court issue a permanent injunction enjoining Defendant P.D.K.N. P-3, LLC. d/b/a BOKAMPER'S SPORTS BAR & GRILL from continuing its discriminatory practices, ordering Defendant to alter the Subject Premises as appropriate to comply with the FAC, ordering Defendant to maintain accessible features at the premises, awarding the reasonable attorneys' fees and costs incurred in this action, and closing the Subject Premises until the requisite modifications are completed, and for such further relief this court deems just and proper.

Dated this 31st day of January 2018.

                Respectfully submitted,

                By:    s/ Michael Damian Christine
                Michael Damian Christine, Esq.
                Fla Bar. No.: 1003853
                **FEDERAL LEGAL ADVOCATES**
                *Counsel for the Plaintiff*
                4300 Biscayne Boulevard, Suite 305
                Miami, Florida 33137
                Telephone:    (305) 717-7530
                Facsimile:     (305) 717-7539
                Primary e-mail: Mchristine@jltrial.com
                Secondary e-mail: service.fda@jltrial.com

MDC/MEL/lp
0005.004